UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ARTHUR JAMES ROGERS,** )<br>)<br>Petitioner ) <br>)<br>v. )       No.3:04cv0795 AS<br>)<br>**DAN R. McBRIDE,** )<br>)<br>Respondent ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about December 30, 2004, *pro se* petitioner, Arthur James Rogers, an inmate at the Maximum Control Facility (MCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 1, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner made filings in the nature of a Traverse on June 22 and June 23, 2005. The Attorney General has placed before this Court a series of documents designated A through J, both inclusive, which explicate in great detail the proceedings involved. There also appears to be some duplication of exhibits.

This pro se petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding designated as MCF 03-06-0112. There appears to be an issue as to whether this petitioner is a habitual conduct rule violator and the record certainly demonstrates that he was. The proceedings here were

had in June 2003.  The papers filed by the Attorney General of Indiana appear to indicate that *Wolff v. McDonnell*, 418 U.S. 539 (1974) is implicated here.  The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law including the so-called ADP which basically are state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997), and *Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  The due process clause of the Fourteenth Amendment of the Constitution of the United States was not violated by the procedures that are outlined here.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).  This array of prior incidents is more than enough to establish a basis under ADP A-105.

For all of these reasons, the petition for relief under 28 U.S.C. §2254 is now considered and **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  June 24, 2005

          **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**